## THE MINNESOTA STONEWARE CO. v. KNAPP & CO

Costs: RECOVERY ON COUNTER-CLAIM: APPORTIONMENT : PRESUMPTION ON APPEAL. It appears from the certificate of the trial judge in this case that the amount of plaintiff's demand was reduced by a finding for defendants upon a counter-claim pleaded by them. *Held* that in such case an apportionment of the costs was proper; and though the amount taxed to plaintiff would seem to be excessive, yet, since the facts in the case, as known to the court, may have been such as to justify the apportionment, this court must presume that the facts were such, and that the order was right.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

FILED, OCTOBER 20, 1888.

ACTION to recover for stoneware sold and delivered to defendants by the plaintiff. There was a trial to a jury, and a judgment upon a verdict for plaintiff. Upon motion of defendants the costs were apportioned, and one-fourth of them was taxed to plaintiff on the ground that the contest was wholly upon the counter-claim, in which defendants were successful. Plaintiff appeals.

*Hemenway & Grundy*, for appellant.

*J. J. Tolerton*, for appellees.

BECK, J.—I. The amount in controversy in the case being less than one hundred dollars, it is sent here upon a certificate in the following language: "I, C. F. Couch, judge of said court, do hereby certify that upon the hearing and disposition of this cause a question of law arose upon which it is desirable to have the opinion of the supreme court, to-wit: The plaintiff brought suit for $746.45, with interest from June 1, 1885, upon a contract for sale and delivery of certain stoneware, for a

balance due. The defendants pleaded that by the contract of sale plaintiff warranted the ware to be of a certain quality ; that it agreed to deduct the value of all pieces of ware broken in transit, and that it agreed to pay the freight on the ware from Red Wing, Minn., to Cedar Falls, Iowa ; that in fact the ware was not of the quality warranted,—whereby defendants were damaged $274.15 ; that defendants had not received sufficient credit for broken ware by the sum of $9.22, and that defendants had not received sufficient credit for freight paid by the sum of $35.27. These allegations were denied. The evidence upon these issues of fact was conflicting, and the jury found a verdict for plaintiff for $770.23, which was a reduction from the demand of plaintiff by the sum of seventy-seven dollars. Defendants moved to divide the costs in the action, for the reason that the contest was wholly on the counter-claim of defendants and they were successful thereon. The court sustained the motion, and taxed one-fourth the costs of witnesses, jury, and reporter's fees to the plaintiff. The question arises upon the correctness of this ruling of the court in sustaining the motion and making division of the costs."

II. We are required to determine the case upon the certificate. It quite plainly appears that the certificate does not entirely accord with the facts disclosed by the abstract of the pleadings and judgment. But as no question based upon this disagreement is raised, it is an immaterial matter. The certificate shows that defendants claimed a deduction from the sum due plaintiff on account of breakage and freight paid, amounting to $44.49, more or less,—more than the sum credited thereon. The claim for these deductions probably cannot be regarded as a counter-claim, but rather as a defense of a different character. But defendants did plead a counter-claim based upon the breach of a warranty, and the certificate shows that plaintiff did not recover the amount of his claim by seventy-seven dollars. The defendants must have recovered $32.51 at least on the counter-claim. Counsel for plaintiff admit

that if defendants recovered upon their counter-claim the costs were properly apportionable. But they deny that there was such a recovery. We think the correctness of our conclusion that there must have been a recovery on the counter-claim cannot be doubted. The certificate will admit of no different conclusion.

III.    It is not to be denied that upon this conclusion as to the facts the amount of costs taxed to plaintiff appears excessive. But we are not permitted to presume error in the rulings of the district court, or to presume facts which will raise a presumption of error, but will rather presume a state of facts supporting the correctness of the court's rulings. The district court may have found, or may have been informed in some proper way, that the defendants recovered upon their counter-claim a sum greater than the minimum sum which we have above stated must have been found due upon the counter-claim. The district court had all the facts before it, which we do not have. We cannot exercise the presumption that the costs were taxed in the abuse of the court's discretion. But on the other hand we must exercise the presumption, in the absence of an affirmative showing of error, that the order for the taxation of costs is authorized by the facts. The judgment of the district court is                        AFFIRMED.